**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30103 |
| Plaintiff-Appellee, | D.C. No. 1:15-CR-00052-EJL-1 |
| v. | |
| JEFFREY SOUTHERN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jeffrey Southern appeals from the district court's judgment and challenges

the 12-month sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Southern contends that the district court procedurally erred by failing to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

explain the sentence adequately and by relying on impermissible sentencing factors and a misunderstanding of his criminal history. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The district court discussed Southern's history and characteristics, the nature and circumstances of the violations, and the need for deterrence, which reflected its consideration of the 18 U.S.C. § 3583(e) sentencing factors and provided adequate explanation for the sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, contrary to Southern's claim, the district court did not impose the sentence to promote his rehabilitation. *See Tapia v. United States*, 564 U.S. 319, 334 (2011) ("A court commits no error by discussing the opportunities for rehabilitation within prison."). Finally, any factual error by the district court pertaining to Southern's criminal history did not affect the sentence selected. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Southern also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall*, 552 U.S. at 51. The within-guidelines sentence, six months of which was ordered to run concurrently to his state sentence, is substantively reasonable in light of the totality of the circumstances. *See id*.

**AFFIRMED.**

19-30103